John Lezdey and Noreen Lezdey v. Commissioner.
Lezdey v. Commissioner
Docket No. 286-63.
United States Tax Court
T.C. Memo 1964-78; 1964 Tax Ct. Memo LEXIS 257; 23 T.C.M. (CCH) 485; T.C.M. (RIA) 64078; March 24, 1964
*257 John Lezdey, pro se, 57-66 79th St., Elmhurst, N. Y. John B. Murray, Jr., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in the amount of $195.54 in petitioners' 1961 income tax. The sole question is whether $750 allegedly expended by petitioner John Lezdey in attending night law school was properly deducted by him. [1] A stipulation of facts filed by the parties is incorporated herein by reference. Petitioner gradudated from Rutgers University in June 1953 with a B. S. degree in chemistry. He was hired as a chemist for Olin Mathieson Chemical Corporation in December 1953 and has been continuously in its employ since that time except for military leave from June 1954 to March 1956. In September 1958, while still employed as a chemist, petitioner entered Brooklyn Law School, and was graduated with an LL. B. degree in June 1962. He was admitted to the practice of law in New York *258 in March 1963. Petitioner did not claim any deductions in respect of expenses for legal education during the years prior to 1961 when he was a chemist. In January 1961, however, petitioner's work at Olin Mathieson was changed from that of a chemist to that of a "Patent Agent Foreign", and he claimed the legal education expenses incurred in 1961 as a deduction for that year. We heard evidence that legal training was helpful to one working as a "Patent Agent Foreign", and if petitioner's purpose in going to law school was merely, or primarily, or even to a substantial degree, to improve his skills as a "Patent Agent Foreign", the expenses for legal education would undoubtedly be deductible. However, we cannot find that such was his purpose. When petitioner commenced law school in 1958 he obviously had no such purpose in mind, and the evidence further shows that after he attained his LL. B. he was admitted to the bar and became a "Patent Attorney" for Olin Mathieson, a position which, on the record, appears to be superior to that of a "Patent Agent Foreign". We hold that petitioner has failed to overcome the presumptive correctness of the Commissioner's determination. We cannot *259 find that petitioner's purpose in going to law school in 1961 was to improve his skills as a "Patent Agent Foreign". Rather, the record strongly suggests that petitioner was merely continuing a course of study undertaken by him several years earlier which ultimately led to his obtaining an LL. B. degree, admission to the bar, and becoming a "Patent Attorney". Education expenses thus incurred are not deductible. Decision will be entered for the respondent. Footnotes
1. In a "stipulation" filed after the trial by petitioner and signed only by petitioner, it is stated that the tuition was $483.50, the cost of books was $100 and that the "excess of $166.50 is hereby waived".↩